NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2709
_____

CESAR LEE,
                                        Appellant
v.

LISA P. JACKSON,
IN HER OFFICIAL CAPACITY AS ADMINISTRATOR U.S.
ENVIROMENTAL PROTECTION AGENCY;
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY
_____

On Appeal from the United States District Court
for the Eastern District of  Pennsylvania
District Court No. 2-11-cv-00195
District Judge: The Honorable Paul S. Diamond

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 10, 2014

Before: SMITH, VANASKIE, and SLOVITER, *Circuit Judges*

(Filed: July 24, 2014 )
_____

OPINION
_____

SMITH, *Circuit Judge.*

Cesar Lee worked as an environmental engineer for the United States
Department of Environmental Protection (EPA) until his employment was

1

terminated in 2009. He unsuccessfully challenged his termination before the Merit Systems Protection Board (MSPB). Thereafter, Lee filed a complaint in the United States District Court for the Eastern District of Pennsylvania challenging the MSPB's decision and adding a claim of employment discrimination under Title VII based on his ethnicity as a Chinese American. After discovery closed, the EPA filed a motion for summary judgment on both counts. The District Court granted that motion. This timely appeal followed.

The District Court exercised jurisdiction under 5 U.S.C. § 7703(b)(2). We have appellate jurisdiction under 28 U.S.C. § 1291. Lee challenges only the District Court's order upholding the MSPB's decision. "We review the agency decision on the administrative record to determine whether it is arbitrary, capricious, an abuse of discretion, or otherwise unsupported by law or substantial evidence." *Makky v. Chertoff*, 541 F.3d 205, 211 (3d Cir. 2008) (citing 5 U.S.C. § 7703(c)). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolid. Edison Co. v. Nat'l Labor Relations Bd.*, 305 U.S. 197, 229 (1938).

According to Lee, there are several reasons the MSPB's decision should be set aside. First, he contends that the MSPB's decision is not supported by substantial evidence because the EPA failed to show his performance was

2

unacceptable. Second, Lee submits that substantial evidence is lacking because the EPA failed to introduce the spreadsheets, data entry forms and computer screenshots on which the EPA's allegations of substandard performance were based. Third, Lee argues that his termination should be set aside because the EPA failed to establish that he knew of the overriding importance of the tasks set out for him in the performance improvement plan (PIP). Fourth, Lee challenges the termination on procedural grounds, arguing that the EPA improperly required that he meet more "critical elements" in his PIP than permitted by the collective bargaining agreement and that it terminated him for an unacceptable performance during an appraisal period of less than one year contrary to 5 U.S.C. § 4303(c)(2).

Our review compels the conclusion that the EPA's decision to terminate Lee is supported by substantial evidence. Indeed, the District Court's well-reasoned decision explains not only why there is substantial evidence supporting the EPA's decision to terminate Lee, but also why Lee's other arguments lack merit. Accordingly, we will affirm for substantially the reasons stated in the District Court's opinion.